**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JOHN WYNN,

                              Plaintiff,

      - v -                                            Civ. No. 1:06-CV-1145
                                                                           (FJS/RFT)

NATIONAL RAILROAD PASSENGER CORPORATION
_a/k/a_ AMTRAK

                              Defendant.
_____

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER

Wynn commenced this action on September 22, 2006. Dkt. No. 1, Compl. A Civil Case Management Plan was submitted on May 1, 2007. Dkt. No. 8. After a Rule 16 Conference, the Uniform Pretrial Scheduling Order was issued, setting, _inter alia_, the discovery deadline as February 15, 2008. Dkt. No. 10. On or about May 14, 2007, Amtrak served its First Set of Interrogatories and Request for the Production of Documents. Dkt. No. 12-2, Glen P. Doherty, Esq., Aff., dated Dec. 17, 2007, at ¶ 3.

Five months passed and Amtrak did not receive a response to either of the Discovery Demands. On November 30, 2007, Amtrak filed a Letter Brief seeking court intervention. Dkt. No. 11. Based upon Amtrak's Request, a telephone conference, on the record, was convened. Certain Rulings were made during the telephonic conference and a subsequent Text Order was issued incorporating those Ruligns. Text Order, dated Dec. 6, 2007. Based upon Wynn's representation that all disclosure would be served by December 7, 2007, this Court directed

> that responses to Defendant's Demands for Interrogatories and to Produce shall be served no later than December 10, 2007, however, all objections are deemed waived. . . . Rather than preclude Plaintiff from presenting an expert or impose sanctions, the

> Court will grant Plaintiff an additional two weeks to serve his expert disclosure and
> we will amend the Uniform Pretrial Scheduling Order to allow for all late filing[s]
> of expert disclosures.

Text Order, dated Dec. 6, 2007.

On December 17, 2007, Amtrak filed a Motion for Sanctions, pursuant to FED. R. CIV. P. 37(b). Dkt. No. 12, Def.'s Not. of Mot. for Sanctions. The basis for the Motion being that Wynn had not served those responses as promised and directed by this Court. Dkt. No. 12-2 at ¶ 7. Moreover, no opposition to this Motion for Sanctions, which was due on January 22, 2008, has been filed. Because no Opposition had been received, this Court issued an Order to Show Cause advising Plaintiff that this Court may consider recommending dismissal of the action for failure to prosecute or comply with a court order, pursuant to Federal Rules of Civil Procedure 37(d) and 41(b). Dkt. No. 16, Order to Show Cause, dated Jan. 24, 2008. Plaintiff responded to the Order to Show Cause and filed an Affidavit in Opposition. *See* Dkt. Nos. 17-19.

## I. DISCUSSION

When demands for interrogatory and production have been served, the responding party must respond to the demands within thirty (30) days after being served. FED. R. CIV. P. 26(3)(B), 33(b)(2) & 34(b)(2)(A). Not only has Wynn defaulted on responding to discovery demands after repeated requests by Amtrak and a Court Order, but he has compounded his difficulties by ignoring that Court Order. FED. R. CIV. P. 37(b); *see also* Text Order, dated Dec. 6, 2007. We reiterate that we had not heard from Wynn until he recently filed his Opposition to the Order to Show Cause. Until that point, it appeared that Plaintiff had failed to diligently prosecute his case and comply with the Court's Order.

In accordance with Federal Rule of Civil Procedure 37, a court has broad discretion in fashioning appropriate sanctions for discovery misconduct. *Metro. Opera Ass'n., Inc. v. Local 100,*

*Hotel Employees and Restaurant Employees Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)); *see also Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d. Cir. 1990) (stating a reviewing court will overturn a district court's application of such sanctions only where there has been an abuse of discretion). As the Second Circuit noted in *Update Art, Inc. v. Modiin Publ'g, Ltd.*, disciplinary sanctions under Rule 37 ensure that a party will not benefit from his or her failure to comply. 843 F.2d 67, 71 (2d Cir. 1988). Sanctions are specific deterrents and are imposed for the purpose of obtaining compliance with the particular order issued, and intended as a general deterrent effect on the case at hand and the future, provided the party against whom sanctions are imposed was in some sense at fault. *Id*. (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976) (*per curiam*) & *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)); *see also Metro. Opera Assoc.*, 212 F.R.D. at 219 (citing *Nat'l Hockey League*, 427 U.S. at 643 & *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.2d 371, 386 (2d Cir. 1981) for the proposition that Rule 37 sanctions may be applied both to penalize conduct that warrants sanctions and to deter those who might be tempted to use such conduct in the absence of such a deterrent).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss an action, on motion or its own initiative, for the failure of the plaintiff "to prosecute or to comply with [the Federal Rules of Civil Procedure] or **a court order**[.]" FED. R. CIV. P. 41(b) (emphasis added). Rule 37 of the Federal Rules of Civil Procedure also authorizes dismissal of an action due to a party's failure to comply with discovery and/or court orders. *See also* N.D.N.Y.L.R. 1.1(d) & 7.1(d). Rule 37(d) states in part that "the court . . . may . . . order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or request for inspection under Rule 34, fails to

serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1(ii). Sanctions may include those listed in Rule 37(b)(2)(A)(i)-(v). FED. R. CIV. P. 37(d). Included as a sanction in Rule 37(b) is the remedy of dismissal against the disobedient party. FED. R. CIV. P. 37(b)(2)(A)(v).

We note that, given the harsh nature of Rule 41(b) dismissals, such dismissals are "appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (quoted in *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998)). Dismissals pursuant to Rules 37 and 41 are within the discretion of the court pursuant to their authoritative and discretionary control over case management and calendar congestion. *See Dodson v. Runyon*, 957 F. Supp. 465, 469 (S.D.N.Y.), *aff'd*, 152 F.3d 917 (2d Cir. 1998) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 148, 485 (2d Cir. 1994)); *see also Brown v. Lee*, 2007 WL 700950, at *3 (N.D.N.Y. Mar. 1, 2007) (citing, *inter alia*, *Dodson*).

The courts within this Circuit have found that the same test applies whether the basis for the dismissal is for a party's failure to prosecute or to abide by court order. *See, e.g., Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (failure to comply with court order may be treated as a failure to prosecute). In considering whether dismissal is the proper action herein, we must consider the following: (1) the duration of Plaintiff's failure to comply with the Court Order; (2) whether Plaintiff was on notice that failure to comply would result in dismissal; (3) whether the Defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the Court's interest in managing its docket with the Plaintiff's interest in receiving a fair chance to be heard; and (5) whether the Court has adequately considered a sanction less drastic than dismissal. *See Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Peat v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993). Generally, no factor is dispositive. *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d at

485.

In his Opposition to the Order to Show Cause, Wynn provides an explanation in support of his efforts to avoid dismissal of his case.[1]  First, Wynn's counsel avers that he prepared responses to Defendants' Demands and attempted to delivered them on January 6 and 7, 2008.  *See* note 1; Dkt. No. 18 at ¶ 3.  Counselor swears that He called Defendants to "discuss delivery of Plaintiff's discovery responses [but] [f]or unknown reasons, [he] failed to make contact with Defendants's attorney[.]" Dkt. No. 18 at ¶ 3.  Those responses remain outstanding.[2]  Second, counsel asseverates that he has suffered a medical emergency that lasted several weeks and it was not until recently that he has been able to gain control over his health.  *Id*. at ¶¶ 6-8.  Wynn's Counselor states that he is contemplating semi-retirement because of his retiring health.

A health crisis may be a reasonable reason to diffuse any finding of wilful disobedience to a Court order.  But what is problematic with this reason is timing insofar as it occurs after months of wilful neglect in responding to Defendant's Demands, upholding promises, and abiding by a Court order.  Counselor did not indicate any health difficulties prior to or during the telephone conference on December 6, and we will presume none.  Yet, feeble attempts to contact Defendants in order to arrange delivery of papers, prior to the health crisis, do not measure up to a reasonably diligent effort to serve responses timely and diminishes the impact of failing health.  More is required than a couple of telephone calls.  Mailing the responses would have been easy and

---

[1] In order to make sense of Wynn's Opposition, we have to assume that the dates that he used are in error.  For example, he states that he prepared responses, pursuant to my Order, and tried to deliver the responses on January 6 and 7, 2007. Dkt. No. 18 at ¶ 3.  However, we had not issued the Uniform Pretrial Scheduling Order until May 3, 2007, Dkt. No. 10, and we did not address Plaintiff's failure to respond to Defendants' Demands until November 30, 2007.  It was not until December 6, 2007, before this Court issued an Order directing Plaintiff to serve responses to the Demands.  *See* Text Order, dated Dec. 6, 2007.  Therefore, presumably the correct dates are January 6 and 7, 2008.

[2] Wynn also states that he emailed a PDF copy of his Demands to Defendants.  Unless Defendants have consented in writing to electronic service, such means of service is improper.  FED. R. CIV. P. 5(b)(2)(E).

sufficient service and would have complied with the law and the practice in the Northern District of New York. *See generally* FED. R. CIV. P. 5(b). To reiterate, those responses were not delivered on December 10, 2007, when promised, nor on or immediately after the filing of the Motion for Sanctions on December 17, 2007, which was several weeks prior to the onset of counselor's medical exigency.

Dismissal of an action is a drastic remedy, and under these circumstances one we are not prepared recommend. Yet we are prepared to follow the Federal Rules' new policy of imposing reasonable attorney fees where the responses have not been received by the date of the filing of a motion to compel and/or sanctions. If the demanded disclosure is served after a motion to compel was filed, and after giving the party an opportunity to be heard, such as we have done with the Order to Show Cause, the court "must . . . require the party . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney fees," unless we find that the nondisclosure was "substantially justified." FED. R. CIV. P. 37(a)(5)(A)(ii). Considering the lapse of time after the Court's December 6th Order and still no disclosure, health issues notwithstanding, we cannot find that the nondisclosure was substantially justified. Defendant exerted some effort in filing its Motion for Sanction, unnecessarily so due to Wynn's omissions, and deserves to be compensated for its endeavor. Anything less would be registered as countenancing Plaintiff's significant seven month delay in providing responses to Defendant's Demands.

In calculating reasonable attorney fees, we presume from the submission that approximately two hours were expended to file the Motion. We also presume that a reasonable rate for filing such a motion is $200/per hour. Of course, there may have been more hours expended and the hourly rate could have been higher but we have discounted them to take some measure of Wynn's attorney's

health struggles.

Accordingly, it is hereby

**ORDERED**, that Defendant's Motion for Sanctions (Dkt. No 12) is **GRANTED** in that Plaintiff shall pay Defendant the sum of $400 for reasonable attorney fees within thirty days of this Order; and it is further

**ORDERED**, that Plaintiff shall serve his Responses to Defendant's Demands and expert disclosure on or before February 11, 2008; and it is further

**ORDERED**, that the Uniform Pretrial Scheduling Order shall be amended as follows: (1) discovery deadline is April 11, 2008; (2) the final day to file dispositive motions is May 23, 2008; (3) Defendant's expert disclosure is due on or before March 10, 2008; (4) After the exchange of expert disclosures, the parties may depose the experts but said expert depositions shall be completed before April 11, 2008; (5) All other provisions of the Scheduling Order shall remain in effect; and (6) No further extensions will be considered.

**IT IS SO ORDERED**.

Date:   February 5, 2008
        Albany, New York

RANDOLPH E. TREECE
United States Magistrate Judge